Filed 4/27/16  P. v. Vance CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E064103 |
| v. | (Super.Ct.No. FSB022726) |
| GREGORY VANCE, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Ronald M. Christianson, Judge.  Affirmed.

Michael B. McPartland, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, and Scott C. Taylor and Daniel Hilton, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Gregory Vance, Jr., appeals from the trial court's denial of his petition for relief under The Safe Neighborhoods and Schools Act, enacted by the

1

voters as Proposition 47 in the November 2014 election. Defendant contends the trial court erred in finding him to be ineligible for relief because the conviction the trial court found disqualifying—a 2004 conviction for murder—occurred after the conviction defendant sought to reduce to a misdemeanor pursuant to Proposition 47. We affirm.

## I. FACTS AND PROCEDURAL BACKGROUND

In 1999, defendant and appellant Gregory Vance, Jr., pleaded guilty to one felony count of petty theft with a prior theft conviction (Pen. Code[1] former § 666). In 2004, in a separate case, defendant was convicted of one count of murder (§ 187, subd. (a)). In April 2015, defendant filed his petition for relief pursuant to Proposition 47. The trial court denied defendant's petition on June 12, 2015.

## II. DISCUSSION

Defendant contends that section 1170.18, subdivision (i), which renders certain recidivists ineligible for relief under Proposition 47, should be read to apply only to those who suffered a disqualifying conviction before the date of the conviction that they seek to reduce to a misdemeanor. We disagree.

Among other things, section 1170.18, added by Proposition 47, provides a mechanism for a person who has completed a sentence for a conviction of a felony "who would have been guilty of a misdemeanor under [Proposition 47] had [it] been in effect at the time of the offense" to apply to have the conviction designated as a misdemeanor. (§ 1170.18, subd. (f).) This mechanism, however, is unavailable to certain ineligible

---

[1] Further undesignated statutory references are to the Penal Code.

2

defendants: Section 1170.18, subdivision (i), provides that "[t]he provisions of this section shall not apply to persons who have one or more prior convictions" of certain offenses, including murder. (§§ 1170.18, subd. (i), 667, subd. (e)(2)(C)(iv)(IV).)

Applying the plain statutory language of section 1170.18, defendant is ineligible for relief under section 1170.18. Section 1170.18, subdivision (i) is phrased in the present tense, excluding "persons who have" one or more disqualifying prior convictions from eligibility for relief under the other provisions of the section. A statute's "use of present tense language has often been interpreted as indicating an intent to establish 'current' requirements." (*People v. Brewer* (2001) 87 Cal.App.4th 1298, 1304, superseded by statute on other grounds as noted in *Good v. Superior Court* (2008) 158 Cal.App.4th 1494, 1504, 1510, fn. 13.) As of the time of his Proposition 47 petition, defendant had a conviction under one of the provisions identified in section 1170.18, subdivision (i). The remaining provisions of that section, therefore, including the provision pursuant to which he sought reduction of his petty theft conviction to a misdemeanor, "shall not apply" to him. (§ 1170.18., subd. (i).)

Defendant notes that the same wording as appears in section 1170.18, subdivision (i), also appears in other statutes added or amended by Proposition 47. It is not apparent, however, why this should mean section 1170.18, subdivision (i) should be read to apply only to those who suffered a disqualifying conviction prior to the date of the conviction that they seek to reduce to a misdemeanor. We see no conflict or contradiction in the circumstance that persons with certain types of convictions are both ineligible for relief with respect to past offenses and, if they commit certain new offenses, they will

3

nevertheless be guilty of felonies, even if another defendant lacking such prior convictions would be guilty only of a misdemeanor.

In short, defendant has cited no authority, and has advanced no persuasive argument, in support of his interpretation of section 1170.18, subdivision (i). It is therefore rejected.

## III. DISPOSITION

The order appealed from is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST

J.

We concur:

RAMIREZ
    P. J.

MCKINSTER
    J.

4